UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. CAPPOS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SUPPA, TRUCCHI & HENIN, LLP, *et al.*, <br><br> Defendants. | Case No. 12-cv-357-L(WVG) <br><br> **ORDER:** <br><br> **(1) GRANTING ST&H'S MOTION TO DISMISS [DOC. 17]; AND** <br><br> **(2) DENYING WELLS FARGO'S MOTION TO DISMISS AS MOOT [DOC. 18]** |

On February 9, 2012, Plaintiffs Mark A. Cappos and Nancy J. Cappos commenced this action against Defendants Suppa, Trucchi & Henein, LLP ("ST&H") and Wells Fargo Bank, N.A. ("Wells Fargo") for alleged violations of the Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"). On April 30, 2012, Plaintiffs filed their First Amended Complaint ("FAC") asserting the same claims. Defendants now separately move to dismiss the FAC. Plaintiffs oppose.

The Court found these motions suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). (Doc. 19.) For the following reasons, the Court **GRANTS** ST&H's motion to dismiss, and **DENIES AS MOOT** Wells Fargo's motion to dismiss.

## I. BACKGROUND

Sometime before November 5, 2010, Plaintiffs incurred certain financial obligations to Wells Fargo. (FAC ¶ 27.) Plaintiffs allege that these "financial obligations were primarily for personal, family or household purposes," and they were "money, property, or their equivalent." (*Id.* ¶¶ 28–29.) Sometime thereafter, Plaintiffs fell behind in their payments owed on the debt, a home equity line of credit issued by Wells Fargo. (*Id.* ¶ 30.) Subsequently, Plaintiffs allege that the "debt was assigned, placed, or otherwise transferred, to Defendants for collection." (*Id.* ¶ 31.)

Around June 2010, Plaintiffs conducted a short sale of their home. (FAC ¶ 34.) During the short-sale proceedings, Plaintiffs allege that they made a payment of $3,000.00 to Wells Fargo out of the short-sale escrow account. (*Id.* ¶ 36.)

On November 5, 2010, Wells Fargo filed a state-court collection action against Plaintiffs in the Riverside County Superior Court. (FAC ¶ 32.) ST&H acted as Wells Fargo's agent and legal counsel.[1] (*Id.*) In the state action, Wells Fargo sought to collect the principal balance of $42,426.69 in addition to interest, late charges, attorneys' fees, and costs related to the home equity line of credit. (*Id.* ¶ 33.) Plaintiffs allege that the amount Wells Fargo sought in state court did not account for the $3,000.00 escrow payment Plaintiffs allegedly made earlier in June 2010. (*Id.* ¶ 37.)

On June 28, 2011, Wells Fargo filed a motion for summary judgment in the state-court action, seeking the aforementioned amount of $42,426.69 in addition to interest, late charges, attorneys' fees and costs. (FAC ¶¶ 38–39.) Plaintiffs opposed the motion on the grounds that Wells Fargo had failed to account for Plaintiffs' $3,000.00 escrow payment, "thereby seeking to collect more money than Plaintiffs' [sic] owed to [Wells Fargo]." (*Id.* ¶ 40.) The state court eventually denied Wells Fargo's motion. (*Id.* ¶ 42.)

On February 9, 2012, Plaintiffs commenced this action, asserting claims for violations of the FDCPA and Rosenthal Act. On April 30, 2012, Plaintiffs filed a FAC asserting the same

---

[1] ST&H does not appear to have been a party in the state-court action. (*See* FAC ¶ 32.)

claims. (Doc. 15.) The crux of this action are Plaintiffs' allegations that the "state court complaint filed in November 2010 did not account for Plaintiff's [sic] $3,000.00 escrow payment to [Wells Fargo]," and that "Defendants made no reduction in the debt amount sought[.]" (*Id.* ¶¶ 43, 45.) Defendants now separately move to dismiss the FAC. Plaintiffs oppose.

## II. LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all allegations of material fact as true and construe them in light most favorable to the nonmoving party. *Cedars-Sanai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). Material allegations, even if doubtful in fact, are assumed to be true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the court need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotation marks omitted). In fact, the court does not need to accept any legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, —, 129 S. Ct. 1937, 1949 (2009)

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superceded by statutes on other grounds). Moreover, the court may consider the full text of those documents, even when the complaint quotes only selected portions. *Id.* It may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). ST&H requests judicial notice of Plaintiffs' answer to the state-court complaint and proof of service of the state-court summary-judgment motion. (Doc. 17-2.) Plaintiffs have not opposed. Accordingly, the Court **GRANTS** ST&H's request.

### III.   DISCUSSION

An FDCPA claim must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Similarly, any action under the Rosenthal Act must be brought "within one year from the date of the occurrence of the violation." Cal. Civ. Proc. Code § 1788.30(f). As a general rule, "a limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Magnum v. Action Collection Serv., Inc.*, 575 F.3d 935, 940 (9th Cir. 2009) (quoting *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1266 (9th Cir. 1998)) (internal quotation marks omitted). However, Ninth Circuit authority also provides that when the alleged violation of the FDCPA is the filing of a lawsuit, the statute of limitations begins to run on the filing of the complaint in state court. *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997) ("Filing a complaint is the debt collector's last opportunity to comply with the Act, and the filing date is easily ascertainable.").

1    ST&H argues that Plaintiffs' claims are time-barred based on the November 5, 2010 date
2 when the state-court action was filed, and the February 9, 2012 date when this action was filed.
3 Plaintiffs respond that Defendants violated the FDCPA and Rosenthal Act when Wells Fargo
4 "sought an impermissible amount as the alleged debt." (Pls.' Opp'n to ST&H 6:10–22.) They
5 continue

> Since Defendants' state court complaint was filed and served on Plaintiffs more than one year prior to the filing of the instant case, any debt collection violations contained in the state court complaint would be outside the FDCPA and Rosenthal statute of limitations. However, the state court complaint is not the basis for Plaintiffs' instant action. The violative conduct by Defendants were statements contained in their motion for summary judgment, which was filed with the state court and served on Plaintiff's counsel well within one year of the date of filing the instant complaint.

11 (*Id.* at 6:13–19.) Plaintiffs' argument is absurd.

12   The basis of this action is Wells Fargo's attempt to collect a debt that included $3,000.00
13 that it allegedly already received from Plaintiffs. Plaintiffs had knowledge or reason to know
14 that Wells Fargo sought this allegedly impermissible debt when it commenced the state-court
15 action on November 5, 2010. Contrary to their argument, Plaintiffs do not dictate the date when
16 the limitations period begins as they attempt to do here. *See Magnum*, 575 F.3d at 940. The
17 limitations period began on November 5, 2010 when Wells Fargo commenced the state-court
18 action. *See Naas*, 130 F.3d at 893.

19   Even assuming that for some very improbable reason that Plaintiffs did not receive the
20 state-court complaint on November 5, 2010, they definitely had knowledge of the impermissible
21 debt sought by January 6, 2011, when Plaintiffs filed their answer to the state-court complaint.
22 (*See* ST&H's RJN Ex. A.) Plaintiffs' state-court answer unequivocally shows that they knew of
23 Wells Fargo's attempt to collect the impermissible debt at the very latest when Plaintiffs filed
24 their answer.

25   Given that this action commenced on February 9, 2012, under either date—when Wells
26 Fargo filed its state-court complaint, or when Plaintiffs filed their answer to the state-court
27 complaint—Plaintiffs' claims for violations of the FDCPA and Rosenthal Act against ST&H and
28

Wells Fargo are time-barred.[2]  *See* 15 U.S.C. § 1692k(d); Cal. Civ. Proc. Code § 1788.30(f); *Magnum*, 575 F.3d at 940; *Naas*, 130 F.3d at 893.

## IV. CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS** ST&H's motion to dismiss, and **DENIES AS MOOT** Wells Fargo's motion to dismiss.  Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiffs' FAC in its entirety.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("[A] district court may dismiss without leave where . . . amendment would be futile.").

**IT IS SO ORDERED.**

DATED: December 5, 2012

M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM V. GALLO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

---

[2] Based on the foregoing, the Court need not reach the merits of Wells Fargo's motion to dismiss, which primarily addresses jurisdiction, because the Rosenthal Act claim asserted against Wells Fargo is time-barred.